AARON D. FORD
   Attorney General
KAYLA D. DORAME (Bar No. 15533)
   Deputy Attorney General
MARY M. HUCK (Bar No. 12031)
   Deputy Attorney General
State of Nevada
Office of the Attorney General
555 E. Washington Avenue, Suite 3900
Las Vegas, NV 89101
(702) 486-5710 (phone)
(702) 486-3416 (fax)
kdorame@ag.nv.gov
m.huck@ag.nv.gov

Attorneys for the State of Nevada,
ex rel. its Department of Taxation

# IN THE UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| In re: | Case No. BK-N-21-50431-mkn |
| | Chapter 11 Subchapter V |
| ENCORE AUDIO VISUAL-DESIGN, LLC, | |
| | Hearing Date: January 10, 2024 |
| Debtor. | Hearing Time: 9:30 a.m. |

**REPLY IN SUPPORT OF STATE OF NEVADA, EX REL. ITS DEPARTMENT OF TAXATION'S MOTION TO CONVERT TO CHAPTER 7 CASE**

The State of Nevada, ex rel. its Department of Taxation ("Department"), by and through its attorneys, Aaron D. Ford, Attorney General; Kayla D. Dorame, Deputy Attorney General; and Mary M. Huck, Deputy Attorney General, hereby files its Reply in Support of Motion to Convert to Chapter 7 Case ("Reply"). This Reply is based on the pleadings on file herein, the following points and authorities, and any arguments the Court may permit.

**I.  LEGAL ARGUMENT**

    **A.  Burden of Proof and Legal Standard**

Debtor fails to recognize that the burden of proof shifts once the Department establishes cause under 11 U.S.C. 1112(b)(2)(B). The burden shifts to the Debtor to

establish unusual circumstances exist **and** reasonable justification for its failure to comply and that the omissions will be cured within a reasonable period of time.

The Department established "cause" owing to the Debtor's failure to pay make plan payments and Debtor's failure to comply with the Court's order. Indeed, Debtor admits it is in default of the plan. Opposition, p. 1, lns. 24-26. This constitutes "cause" to grant the Department's motion.

While Debtor may try to defeat a motion to convert or dismiss the bankruptcy case by showing that unusual circumstances exist to prevent dismissal or that factors specifically set out in § 1112(b)(2)(B) exists, *In re Modanlo*, 413 B.R. 262, 271 (Bankr.D.Md.2009), Debtor fails to establish that "unusual circumstances" exist in this case.

**B.    7.04 Post-Confirmation Default**

The Debtor is requesting a forty-five-day continuance of the hearing on the Motion "to make further payments towards curing the arrears." Opposition, pg. 1, lns. 26-28. At the time of the Motion, Debtor should have made twenty plan payments totaling $65,703.40; however, only four payments were made in the total amount of $13,143.42.

By Debtor's own admission he cannot keep current with plan payments, let alone cure the default that is now more than $52,559.98. Opposition, p. 3, lns. 1-4. The Debtor has been given sufficient time to cure the default and the terms of within the plan must prevail.

Section 7.04 Post-Confirmation Default of the Amendment, filed by Debtor, gives the Department the remedy of filing the instant motion for post-confirmation default. [Doc. 97]. Under the mandatory terms of Section 7.04, the Department was required to give written notice to Debtor of the default after which Debtor would have fifteen calendar days to (i) cure the default; (ii) obtain from the Bankruptcy Court an extension of time to cure the default, which shall be given for good cause shown if the cure reasonably requires more than fifteen (15) days to cure and the Debtor initiates reasonable steps to begin such cure and completes all reasonable and necessary steps to cure sufficient to

1 produce compliance as soon as reasonably practical. The Debtor first provided Debtor
2 notice on September 13, 2023. Debtor has not complied with terms in Section 7.04.

### C. Plan Payments Have Been Accounted For

Debtor erroneously asserts the Department did not account for all plan payments. Opposition, p. 2, lns. 1-5. Declaration p. 1, lns 21-24 and Exhibit 1. Debtor provided copies of seven checks which are all accounted for.

| PERIOD | CHECK AMOUNT | CHECK NUMBER | NOTE |
| --- | --- | --- | --- |
| 03/31/2022 | $3,285.71 | 1439 | Plan Payment |
| 04/30/2022 | $3,285.71 | 1472 | Plan Payment |
| 05/31/2022 | $3,285.71 | 1498 | Plan Payment |
| 06/30/2022 | $3,285.71 | 1523 | Plan Payment – Check insufficient funds |
| 07/31/2022 | $3,285.71 | 2007 | Plan Payment |
| 09/30/2022 | $3,285.17 | 2032 | Plan Payment – Check insufficient funds |
| 08/22/2022 | $216.32 | 2021 | Non plan payment credited to tax account.[1] |

### D. Business License

Throughout Debtor's opposition he blames the Department for his failure to make plan payments. Opposition, p. 3, lns. 9-12. Declaration p. 2, lns 12-15 and Exhibit 1. Specifically, Debtor asserts, nine months ago the state refused Debtor's request to move his business license location. Debtor's argument is fundamentally flawed, and this is the improper venue to bring it.[2] The business license issue is red hearing and should not be entertained by the Court.

## II. CONCLUSION

Based on the foregoing, this instant matter should be converted from a chapter 11, subchapter V bankruptcy to a chapter 7 bankruptcy. Debtor has failed to make the appropriate plan payments as prescribed in the plan confirmed by this Court. Further, there are sufficient grounds to convert this matter to chapter 7 pursuant to 11 U.S.C. § 1112(b)(2). Finally, the Debtor cannot show that "unusual circumstances" to justify

---

[1] Debtor still has a tax account to which the tax payment was applied to.
[2] Nevada Revised Status ("NRS") 360.205 governs the granting or denial of license. If Debtor is claiming a licensing dispute with the Department, he should exhaust administrative remedies. NRS 360.255 sets forth confidentiality for disclosure of a taxpayer's information and the Department cannot unilaterally waive confidentiality.

1 their reasoning for missed payments exist. Therefore, this matter should be converted to
2 chapter 7, or if the court deems justified, dismissed.
3     DATED: January 3, 2024.

AARON D. FORD
Attorney General

By: */s/ Mary M. Huck*
MARY M. HUCK (Bar No. 12031)
Deputy Attorney General

By: */s/ Kayla D. Dorame*
Kayla D. Dorame (Bar No. 15533)
Deputy Attorney General

*Attorneys for the State of Nevada,
ex rel. its Department of Taxation*